UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES, et al. ex rel.
OSWALD BILOTTA,

        Plaintiffs and Relator,

-against-

NOVARTIS PHARMACEUTICALS
CORPORATION,

        Defendant.

**ORDER**

11 Civ. 0071 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

      In this qui tam action, Plaintiffs and Relator allege that Defendant Novartis Pharmaceuticals Corporation engaged in a decade-long kickback scheme – through which Novartis paid physicians honoraria and other forms of remuneration for taking part in purportedly educational promotional programs – to induce physicians to prescribe Novartis's drugs. Plaintiffs and Relator contend that this alleged conduct violates the Anti-Kickback Statute, 42 U.S.C. § 1320a-7b(b), and that such violations in turn caused violations of the False Claims Act, 31 U.S.C. §§ 3729-33.

      Novartis has moved for summary judgment, contending that: (1) the Government has not adduced particularized evidence of a nationwide kickback scheme, and impermissibly relies upon "expert-created markers" to prove such a scheme; (2) the Government seeks to hold Novartis liable for conduct that was released in a 2010 settlement agreement between Novartis and the U.S. Department of Justice (the "Settlement Agreement"); and (3) the Government cannot establish causation with respect to either liability or damages under the False Claims Act, because the Government cannot establish that (a) doctors and Novartis entered into quid pro quo arrangements, or (b) any actual harm resulted from submission of allegedly false claims.

Novartis also seeks summary judgment as to a "new category of allegedly fraudulent programs" – so-called "lunch-n-learns." (See Mot. (Dkt. No. 225); Def. Br. (Dkt. No. 226) at 15, 36)

The Government – joined by the State of New York and Relator – opposes Novartis's motion and has cross-moved for partial summary judgment as to the Settlement Agreement. The Government acknowledges that the Settlement Agreement releases Novartis from liability with respect to allegedly false claims – made within the release period – concerning drugs identified as "Covered Drugs" in the Settlement Agreement. The Government argues, however, that the Settlement Agreement does not release Novartis from liability for claims concerning other drugs. (Mot. (Dkt. No. 228); Govt. Opp. Br. (Dkt. No. 230) at 11)

For reasons that will be explained in a forthcoming Memorandum Opinion and Order, Novartis's motion for summary judgment is denied, and the Government's motion for partial summary judgment is granted. This Court concludes that: (1) the Government has adduced sufficient particularized evidence of a company-wide kickback scheme, and that the "expert-created markers" – criteria indicating that a promotional event lacks a medical educational purpose or value – are admissible evidence of such a scheme; (2) the Settlement Agreement does not release Novartis from liability for claims concerning any drugs that are not "Covered Drugs" under that agreement; (3) the Government (a) does not need to prove a quid pro quo between physicians and Novartis to establish Novartis's liability under the False Claims Act, and has offered sufficient proof of Novartis's liability to survive summary judgment; and (b) has offered sufficient proof of resulting harm; and (4) the Government may include claims relating to "lunch-n-learns" in its case. Novartis may challenge the Government's computation of damages arising from "lunch-n-learns" in a motion in limine.

The Clerk of Court is directed to terminate the motions (Dkt. Nos. 225, 228).

Dated: New York, New York
       March 31, 2019

SO ORDERED.

*[signature]*

Paul G. Gardephe
United States District Judge