UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff-Intervenor, | : 11 Civ. 0071 (PGG) |
| v. | : **STIPULATION AND ORDER OF SETTLEMENT AND DISMISSAL BETWEEN THE UNITED STATES AND RELATOR** |
| NOVARTIS PHARMACEUTICALS CORP., | : |
| Defendant. | : |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

WHEREAS, this Stipulation and Order of Settlement and Release (the "Relator Stipulation") is entered into between the United States of America (the "United States"), by its attorney, Audrey Strauss, the Acting United States Attorney for the Southern District of New York, and relator Oswald Bilotta ("Relator" and, together with the United States, the "Parties"), through his undersigned counsel;

WHEREAS, in January 2011, Relator filed a complaint in the above-captioned action in the United States District Court for the Southern District of New York (the "Court") under the *qui tam* provisions of the False Claims Act, as amended, 31 U.S.C. § 3729 *et seq*. (the "FCA"), which complaint was subsequently amended on October 19, 2012 as of right, on April 3, 2013 (pursuant to an unopposed motion dated March 21, 2013), and on July 10, 2013 (pursuant to a stipulation dated July 8, 2013), alleging, *inter alia*, that defendant Novartis Pharmaceuticals Corporation ("Defendant" or "Novartis") violated the FCA and the Anti-Kickback Statute, 42 U.S.C. § 1320a-7b(b) (the "AKS"), by, *inter alia*, paying doctors remuneration to prescribe the drugs Lotrel, Valturna, Starlix, Tekturna, Tekturna HCT, Diovan, Diovan HCT, Exforge and Exforge HCT

1

through the mechanism of speaker program honoraria and related misconduct (the "Relator Action");

WHEREAS, on April 26, 2013, the United States intervened in the above-referenced *qui tam* action by filing a Notice of Election to Intervene and Complaint in Intervention, in which it is asserting claims against Novartis under the FCA and common law;

WHEREAS, on August 26, 2013, the United States filed an Amended Complaint in Intervention (the "Government Complaint"), alleging that (i) from January 1, 2002, through November 21, 2011, Novartis offered and paid remuneration in the form of cash, meals, alcohol, hotels, travel, entertainment, and honoraria payments to health care practitioners ("HCPs") who spoke at or attended Novartis speaker events, roundtables, speaker training meetings or lunch-n-learns to induce them to prescribe Lotrel, Valturna, Starlix, Tekamlo, Diovan HCT, Tekturna HCT, and Exforge HCT, in violation of the AKS, and thereby caused false claims for prescriptions for those drugs to be submitted to and paid by Medicare, Medicaid, the Department of Veterans Affairs and TRICARE, in violation of the FCA; and (ii) from January 1, 2010, through November 21, 2011, Novartis paid remuneration in the form of cash, meals, alcohol, hotels, travel, entertainment, and honoraria payments to HCPs who spoke at or attended Novartis speaker events, roundtables, speaker training meetings or lunch-n-learns to induce them to prescribe Diovan, Tekturna, and Exforge, in violation of the AKS, and thereby caused false claims for prescriptions for Diovan, Tekturna, and Exforge to be submitted to and paid by Medicare, Medicaid, the Department of Veterans Affairs and TRICARE, in violation of the FCA (the "Covered Conduct");

WHEREAS, on or about June 29, 2020, the United States, Novartis, and Relator entered into a Stipulation of Settlement and Dismissal (the "Settlement Agreement");

WHEREAS, pursuant to Paragraph 3 of the Settlement Agreement, Defendant agreed to pay the United States (i) $591,442,008.92 plus interest (the "Settlement Amount"), and $38,406,717.42 million (the "Forfeiture Amount") as money subject to forfeiture to the United States under 18 U.S.C. § 981(a)(1)(C), to resolve the claims of the United States for the Covered Conduct;

WHEREAS, Relator has asserted that, pursuant to 31 U.S.C. § 3730(d)(l), he is entitled to receive a portion of the Settlement Amount (the "Relator Share Claim");

WHEREAS, Relator agrees that he is not entitled to receive any portion of the Forfeiture Amount; and

WHEREAS, the Parties mutually desire to reach a full and final compromise of the Relator Share Claim pursuant to the terms set forth below.

NOW, THEREFORE, in reliance on the representations contained herein and in consideration of the mutual promises, covenants, and obligations in this Relator Stipulation, and for good and valuable consideration, receipt of which is hereby acknowledged, the Parties agree as follows:

1. Contingent upon receipt by the United States of the full Settlement Amount, the United States will pay Relator, c/o Shepherd Finkelman Miller & Shah, LLP, as attorneys for Relator ("Relator's Counsel"), eighteen and one-half percent (18.5%) of the payment of the Settlement Amount received from Defendant ($109,416,771.65 plus 18.5% of the interest paid on the Settlement Amount) in accordance with written instructions provided by Relator's Counsel within a reasonable time after the United States' receipt of the payment of the Settlement Amount. The obligation to make the payment to the Relator under this Paragraph is expressly conditioned on, and only arises with, the receipt by the United States of the payment of the Settlement Amount

3

from Defendant required by the Settlement Agreement. In the event that Defendant fails to make full payment of the Settlement Amount, the United States shall have no obligation to make any payment to the Relator.

2. Relator, for himself and his heirs, successors, attorneys, agents, and assigns, agrees that this settlement is fair, adequate, and reasonable under all circumstances, and will not challenge the Settlement Agreement, including but not limited to the Settlement Amount, pursuant to 31 U.S.C. § 3730(c)(2)(B) or other applicable law, and expressly waives the opportunity for a hearing on any such objection, pursuant to 31 U.S.C. § 3730(c)(2)(B) or other applicable law. Relator, for himself and his heirs, successors, attorneys, agents, and assigns, further agrees that he will not seek and is not entitled to receive any portion of the Forfeiture Amount.

3. In agreeing to accept payment of the Relator's share set forth in Paragraph 1 above, and upon payment thereof, Relator, for himself and his heirs, successors, attorneys, agents, and assigns, releases and is deemed to have released and forever discharged the United States and its agencies, officers, employees, servants, and agents from any claim for a share of any proceeds of the Settlement Agreement pursuant to 31 U.S.C. § 3730 or other applicable law, and from any and all claims against the United States and its agencies, officers, employees, servants, and agents arising from or relating to the Settlement Agreement or any claim in the Relator Action or the Government Complaint.

4. This Relator Stipulation does not resolve or in any manner affect any claims the United States has or may have against Relator arising under Title 26, U.S. Code (Internal Revenue Code), or any claims that the Parties may have arising under this Relator Stipulation.

5. The United States and Relator agree that if the Settlement Agreement is held by a court not to be "fair, adequate, and reasonable," as required under 31 U.S.C. § 3730(c)(2)(B), this

Relator Stipulation is null and void.

6. This Relator Stipulation shall inure to the benefit of and be binding only on the Parties, their successors, assigns, and heirs.

7. This Relator Stipulation shall become final, binding, and effective only upon entry by the Court.

8. This Relator Stipulation constitutes the entire agreement of the Parties with respect to the subject matter of this Relator Stipulation and may not be changed, altered, or modified, except by a written agreement signed by the Parties specifically referring to this Relator Stipulation.

9. This Relator Stipulation is governed by the laws of the United States. The exclusive jurisdiction and venue for any dispute relating to this Relator Stipulation is the United States District Court for the Southern District of New York. For purposes of construing this Relator Stipulation, this Relator Stipulation shall be deemed to have been drafted by all Parties to it and shall not, therefore, be construed against any Party for that reason in any subsequent dispute.

10. This Relator Stipulation may be executed in counterparts, each of which shall constitute an original and all of which shall constitute one and the same agreement.

For the United States of America:

Dated:  July 2, 2020

AUDREY STRAUSS
Acting United States Attorney

By:*/s/ Jacob M. Bergman*
JEANNETTE A. VARGAS
MÓNICA FOLCH
JACOB T. LILLYWHITE
PIERRE G. ARMAND
JENNIFER A. JUDE
JACOB M. BERGMAN
Assistant United States Attorneys
86 Chambers Street, Third Floor
New York, NY 10007

For Relator Oswald Bilotta:

Dated:  _____, 2020

SHEPHERD FINKELMAN MILLER & SHAH, LLP

By: _____
    JAMES E. MILLER
    *Attorney for Relator*

_____
OSWALD BILOTTA
*Relator*

SO ORDERED ON THIS \_\_\_\_ DAY OF _____, 2020:

_____
    HON.  PAUL G. GARDEPHE
    UNITED STATES DISTRICT COURT JUDGE

For the United States of America:

Dated: _____, 2020

AUDREY STRAUSS
Acting United States Attorney

By:_____
JEANNETTE A. VARGAS
MÓNICA FOLCH
JACOB T. LILLYWHITE
PIERRE G. ARMAND
JENNIFER A. JUDE
JACOB M. BERGMAN
Assistant United States Attorneys
86 Chambers Street, Third Floor
New York, NY 10007

For Relator Oswald Bilotta:

Dated: July 2, 2020

SHEPHERD FINKELMAN MILLER & SHAH, LLP

By: *James Miller*
6D8DBB42154C489...
JAMES E. MILLER
*Attorney for Relator*

*Oswald Bilotta*
F21608F352904FC...
OSWALD BILOTTA
*Relator*

SO ORDERED ON THIS  21  DAY OF   July  , 2020:

\_\_\_*Paul S. Gardephe*\_\_\_
HON. PAUL G. GARDEPHE
UNITED STATES DISTRICT COURT JUDGE

6