UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------x
UNITED STATES OF AMERICA, *et al.*, *ex rel.*
OSWALD BILOTTA,                                                                  11 Civ. 00071 (PGG)
                                                                                              ECF Case
        Plaintiffs and Relator,

                                              **MEMORANDUM OF**
v.                                               **LAW IN SUPPORT OF**
                                               **MOTION TO ASSERT**
NOVARTIS PHARMACEUTICALS CORPORATION,     **CHARGING LIEN AND**
                                               **TO DETERMINE**
        Defendant.                                   **ATTORNEY'S FEES**
------------------------------------------------------------------------x

        Petitioner, Patrick A. Klingman, Esq. ("Klingman" or "Petitioner"), undersigned counsel, hereby respectfully submits this Motion to assert his charging lien in this action pursuant to New York Judiciary Law §475, for a portion of the attorneys' fees to which Shepherd Finkelman Miller & Shah, LLP ("SFMS" ) is entitled as counsel for Relator, Oswald Bilotta ("Relator"). Petitioner also moves in accordance with F.R.C.P. Rule 54(d)(2)(B) that the Court determine the fees to which he is entitled for the period from July 2012 to June 2013, when he was sole counsel of record for Relator. Petitioner stands ready to participate in a fee hearing and file relevant materials in support of this motion on such schedule as the Court determines is appropriate.[1]

**FACTUAL BACKGROUND**

        Klingman was counsel of record for Relator from the inception of this case, having signed the original complaint for the Relator, which was filed under seal on or about January 5, 2011.

---

[1] Assuming *arguendo* that this Court's July 21, 2020 Order, entered on July 22, 2020 [ECF no. 346], triggered the fourteen-day deadline of Rule 54(d)(2)(B), Klingman did not have time to comply with this Court's Individual Practices regarding "bundling" of motions. Furthermore, because Rule 54 does not contemplate "that the motion be supported at the time of filing with the evidentiary material bearing on the fees," Fed. R. Civ. Proc. 54, 1993 Advisory Committee notes, Petitioner further requests that the Court schedule a conference to discuss a hearing date at which time all relevant material may be submitted.

Klingman has remained as counsel of record for the Relator to the present. Initially, Klingman served as counsel of record while employed by SFMS. Klingman left SFMS, with whom he had been associated for the prior eight years, on or about June 30, 2012, to form his own law firm. SFMS agreed that on or before Klingman's departure date from SFMS on June 30, 2012, they would file replacement appearances for clients Klingman represented before the Southern District of New York. SFMS, however, failed to do so. In November of 2012, Klingman was asked by SFMS to hold off from withdrawing his appearances in cases in the SDNY where he was sole counsel of record, including this case. Thus, from July 1, 2012 to approximately June 24, 2013, when another attorney at SFMS entered her appearance on Relator's behalf, Klingman was sole counsel for Relator but was working without any fee arrangement with SFMS. During that nearly 12-month period, a number of filings were made by SFMS over Klingman's name. Specifically, while the docket was sealed, it appears that Relator's October 19, 2012 Amended Complaint, the March 21, 2013 Second Amended Complaint, and the May 22, 2013 Stipulation were filed over Klingman's name. Whether or not these filings by SFMS over Klingman's name were specifically authorized, for this year of acting as sole counsel for Realtor, Klingman received no compensation from SFMS. After June 24, 2013, other attorneys from SFMS were admitted for Relator. However, Klingman was never discharged, and was never asked to withdraw his appearance; even today, he remains on this Court's docket as counsel for Relator.

This Court's July 1, 2020 Order of Settlement and Dismissal [ECF no. 342] ("Settlement Order") endorsed the stipulation between the United States and Defendant, Novartis Pharmaceuticals Corp., that provided for dismissal of all claims against the latter in exchange for, *inter alia*, payment of over $670 million. Settlement Order, ¶3 at 11. As to the Relator's share

of the Federal Government's recovery pursuant to 31 U.S.C. § 3730(d)(1), the Settlement Order provides that "the Relator's claim to a share of the proceeds from the settlement of claims arising from the Relator Action will be the subject of a separate agreement between Relator and the United States."  Settlement Order at 3.  On July 2, 2020, the United States and Relator filed a Stipulation and [Proposed] Order of Settlement and Dismissal between the United States and Relator [ECF no. 343] ("Proposed Relator Settlement"), which provided, *inter alia*, that the Federal Government "will pay Relator, c/o Shepherd Finkelman Miller & Shah, LLP, as attorneys for Relator ('Relator's Counsel'), eighteen and one-half percent (18.5%) of the payment of the Settlement Amount received from Defendant ($109,416,771.65 plus 18.5% of the interest paid on the Settlement Amount) ...."  Proposed Relator Settlement, ¶1 at 3.  On July 22, 2020, this Court's Order endorsing the Proposed Relator Settlement was entered.

Petitioner has inquired as to the amount SFMS will receive as contingent fee on this award, but SFMS has declined to provide that information.  By this Motion, Petitioner asserts a claim for 5% of SFMS's fee recovery pursuant to New York Judiciary Law §475.  Petitioner informally suggested mediation with SFMS, but was unable to reach any timely agreement, thus necessitating this Motion.

**LEGAL STANDARD**

A charging lien exists "[f]rom the commencement of an action, special or other proceeding in any court or before any state, municipal or federal department, ...."  N.Y. Judiciary Law § 475; *see*, *e.g.*, *Hampshire Grp. Ltd. v. Scott James Co., L.L.C.*, No. 14 Civ. 2637 (JGK) (MHD), 2015 WL 5306232, at *5 (S.D.N.Y. July 27, 2015) ("[A] charging lien automatically comes into existence, without notice or filing, upon commencement of the action") (citations and

internal quotations omitted).  However, it "only attaches when proceeds from an identifiable fund are created by an attorney's own efforts in the action or proceeding," *Sellick v. Consolidated Edison Co. of New York, Inc.*, No. 15 Civ. 9082 (RJS), 2017 WL 1133443, at *2 (S.D.N.Y. March 23, 2017) (quoting *In re Air Crash at Belle Harbor*, No. 02 Civ. 4758 (RWS), 2006 WL 3247675, at *2 (S.D.N.Y. Nov. 9, 2006)).  Here, the "proceeds from an identifiable fund" were created on or about July 22, 2020.  Moreover, when a charging lien fee dispute arises between the discharged attorney and successor counsel, New York courts have determined that "the calculation of a contingent percentage fee is better left to the conclusion of the litigation 'when the amount of the recovery and the relative contributions of the lawyers to it can be ascertained.'" *Cohen v. Grainger, Tesoriero & Bell*, 81 N.Y.2d 655, 659, 602 N.Y.S.2d 788, 790, 622 N.E.2d 288, 290 (1993) (citation and internal quotations omitted).

A charging lien is an equitable claim.  *See*, *e.g.*, *Petition of Rosenman & Colin*, 850 F.2d 57, 60 (2d Cir. 1988) (citations omitted).  As such, it is fact-based and best asserted before the court that has overall knowledge of the action from which it arises.

This Court has ancillary jurisdiction over disputes of this type.  *See*, *e.g.*, *Borg v. 86th and 3rd Owner, LLC*, No. 08 Civ. 05913 (RJH), 2012 WL 234383, at *6 (S.D.N.Y. Jan. 24, 2012) ("A court may also rely on ancillary jurisdiction to resolve a dispute among attorneys regarding the proper apportionment of fees earned during a case within the court's jurisdiction, even if the dispute does not directly involve a party to the dismissed action") (citation omitted).  In addition, New York law governs charging liens in federal courts sitting in New York.  *See Itar-Tass Russian News Agency v. Russian Kurier, Inc.*, 140 F.3d 442, 449 (2d Cir. 1998) (citations omitted); *Chesley v. Union Carbide Corp.*, 927 F.2d 60, 67 (2d Cir. 1991) ("[T]he lien created by

section 475 ... is enforceable in federal courts in accordance with its interpretation by New York courts") (citations omitted).

The charging lien "is for the benefit of an 'attorney of record' only," *Itar-Tass*, 140 F.3d at 450 (citations omitted), which is demonstrated in one of two ways: "by [1] participating in a legal proceeding on the client's behalf or [2] by having his [or her] name affixed to the pleadings, motions, records, briefs, or other papers submitted in the matter." *Hampshire Grp.*, 2015 WL 5306232, at *5 (internal quotations and citations omitted); *see*, *e.g.*, *Sellick*, 2017 WL 1133443, at *3 (same). Section 475 "is remedial in character, and hence should be construed liberally...." *Itar-Tass*, 140 F.3d at 450 (citation omitted); *see*, *e.g.*, *Gonzalez v. Trees R US Inc.*, No. 14-CV-7487 (AKT), 2019 WL 4602704, at *6 (E.D.N.Y. Sept. 23, 2019) (same). Moreover, it creates an "equitable" claim, *Sutton v. N.Y.C. Transit Auth.*, 462 F.3d 157, 161 (2d Cir. 2006) (citation omitted), so that "the overriding criterion for determining [its amount] is that it be 'fair.'" *Id.* (quoting *Cohen*, 81 N.Y.2d at 658, 602 N.Y.S.2d at 790, 622 N.E.2d at 290).

Given that this action could not have been maintained in this Court by SFMS from July 1, 2012 to June 24, 2013 without Petitioner's sole appearance for Relator, and further given that at least three filings were made while Petitioner was sole counsel during that period, Klingman submits he is entitled to a reasonable share of the fees earned in this matter. Petitioner believes 5% is a reasonable share. Thus, Petitioner respectfully moves that a charging lien be established as to 5% of the fees collected by SFMS, while the Court determines the fee issue. Petitioner further moves that the Court schedule a hearing to consider the issues and award Petitioner a 5% share of the fees collected by SFMS. To that end, Petitioner requests a status conference with the Court.

Dated: August 3, 2020 Respectfully submitted,

          s/ Patrick A. Klingman
          Patrick A. Klingman (PK-3658)
          Klingman Law, LLC
          280 Trumbull Street Floor 21
          Hartford, CT  06103
          (860) 256-6120
          pak@klingmanlaw.com

          Peter M. Nolin (PN7062)
          Carmody Torrance Sandak & Hennessey LLP
          707 Summer Street
          Stamford, CT  06901
          (203) 425-4200
          (203) 325-8608 (facsimile)
          pnolin@carmodylaw.com

          Counsel for Petitioner,
          Patrick A. Klingman